**In the Matter of Kevin C.C. WILD, Respondent.**

No. 49S00–1006–DI–309.

Supreme Court of Indiana.

Sept. 30, 2010.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** As a part-time employee of the Marion County Public Defender Agency, Respondent was hired to represent a client in an appeal of a criminal conviction and sentence. After the Court of Appeals affirmed the conviction and sentence, Respondent did not send a letter notifying the client until after the time for filing a petition to transfer had passed. In his letter, he stated that that any attempt to seek transfer would likely

be unsuccessful without mentioning that the deadline had expired. The client was eventually allowed to file a belated petition to transfer, which was denied. The following are facts in mitigation: (1) Respondent has no disciplinary history; (2) he was cooperative with the Commission; (3) he is remorseful; (4) he has changed his office procedures to address the problem the led to the oversight in this case.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.3: Failure to act with reasonable diligence and promptness.

1.4(a)(3): Failure to keep a client reasonably informed about the status of a matter.

1.4(b): Failure to explain a matter to the extent reasonably necessary to permit a client to make informed decisions.

**Discipline:** The parties propose the appropriate discipline is a public reprimand. In light of Respondent's failure to mention to his client that the deadline for filing a transfer petition had expired, the discipline the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. However, in view of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes a **public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Clerk is directed to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur.